HONORABLE STANLEY A. BASTIAN

Shayne J. Sutherland, WSBA #44593
CAMERON SUTHERLAND, PLLC
905 W. Riverside Ave., Ste. 404
Spokane, WA 99201
(509) 315-4507 Telephone
ssutherland@cameronsutherland.com
Attorney for Plaintiff

Chris M. Hogue, WSBA #48041
HOGUE LAW FIRM
905 W. Riverside Ave., Ste. 402
Spokane, 99201
(509) 934-1998 Telephone
chris@spokaneadvocate.com
Attorney for Plaintiff

## IN THE UNITED STATES DISTRICT COURT
### EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| ANTHONY STALKER, on behalf of himself and all others similarly situated,<br><br>    Plaintiff,<br><br> vs.<br><br>CONTINENTAL SERVICE PLAN, INC., a foreign corporation; and THE CONTINENTAL INSURANCE COMPANY, a foreign insurer;<br><br>    Defendants. | Case No. 2:25-cv-00089-SAB<br><br>**FIRST AMENDED COMPLAINT FOR DAMAGES – CLASS ACTION** |

FIRST AMENDED COMPLAINT FOR
DAMAGES – CLASS ACTION - Page
1 of 21

Plaintiff Anthony Stalker, on behalf of himself and all others similarly situated, by and through his attorneys of record, Cameron Sutherland, PLLC and Hogue Law Firm, alleges as follows against the above-named Defendants.

## I.  INTRODUCTION

1.1     This action involves a vehicle service contract provider that issues, sells, or offers for sale vehicle service contracts (VSCs) without providing or affirming important consumer disclosures as required by Washington law. RCW 48.110.075(2) mandates such disclosures as a prerequisite to issuing, selling, or offering for sale any VSC in the state.

1.2     Mr. Stalker brings this action against the above-captioned Defendants on behalf of himself and all others similarly situated to recover damages, costs, attorneys' fees, and any other relief the court deems just and proper for Defendant Continental Service Plan Inc.'s unjust enrichment and violations of Washington's Consumer Protection Act (CPA), RCW 19.86, *et seq*., vis-à-vis their violations of Washington's Service Contract Providers Act (SCPA), RCW 48.110, *et seq.* Mr. Stalker also seeks injunctive relief to enjoin the Defendant Continental Service Plan Inc. from continuing, initiating, or re-initiating business practices that violate Washington's consumer protection standards and statutory requirements.

FIRST AMENDED COMPLAINT FOR
DAMAGES – CLASS ACTION - Page
2 of 21

## II.  IDENTITY OF PARTIES

2.1    Plaintiff ANTHONY STALKER is a natural person residing in Spokane, Washington, who purchased the VSC at issue in Spokane County in conjunction with a vehicle purchase from Dishman Dodge in Spokane.

2.2    Defendant CONTINENTAL SERVICE PLAN, INC. (CSP) is an Arizona corporation that is engaged in the issue, sale, and servicing of VSCs for automobiles; recreational vehicles; and motorcycle, watercraft, and all-terrain vehicles (ATVs) throughout Washington, including the one sold and issued to Mr. Stalker. CSP is a "service contract provider" as that term is defined under RCW 48.110.020(20) and/or a "service contract seller" as that term is defined under RCW 48.110.020(21). Mr. Stalker is entitled to bring an action against a VSC provider pursuant to RCW 48.110.140.

2.3    Defendant THE CONTINENTAL INSURANCE COMPANY (CIC) is a Pennsylvania and/or Illinois corporation that issues reimbursement insurance policies for VSCs issued and sold by Defendant CSP in Washington. Mr. Stalker is entitled to bring an action against an insurer issuing the applicable VSC reimbursement insurance policy pursuant to RCW 48.110.140.

//

//

FIRST AMENDED COMPLAINT FOR DAMAGES – CLASS ACTION - Page 3 of 21

### III.  STATEMENT OF JURISDICTION AND VENUE

3.1    This matter was properly filed in Spokane County Superior Court. Defendants removed the case to this Court and claimed jurisdiction pursuant to CAFA, 28 U.S.C. § 1332(d), and that venue is proper in this Court. By amending his Complaint after removal, Mr. Stalker does not concede that jurisdiction is proper.

3.2    RCW 48.110.075(3) prohibits service contracts from containing a provision requiring that any civil action brought in connection with the service contract be brought in the courts of a jurisdiction other than this state.

### IV.  FACTUAL BACKGROUND

4.1    The Plaintiff incorporates and realleges the allegations contained in paragraphs 1.1 through 3.2 above.

4.2    On or about June 25, 2023, Mr. Stalker purchased a 2023 Jeep Grand Cherokee ("Vehicle"), identified by VIN 1C4RJKEG9P8848556 from Dishman Dodge, a retail motor vehicle dealership in Spokane, Washington.

4.3    In conjunction with the sale of the Vehicle, Mr. Stalker purchased a VSC, branded as "Preferred Tire Care" for the separately stated consideration of $723.00.

4.4    The Preferred Tire Care VSC sold to Mr. Stalker was identified as Contract Number PTC12 38403159 in the upper righthand corner of the VSC.

FIRST AMENDED COMPLAINT FOR
DAMAGES – CLASS ACTION - Page
4 of 21

4.5     This VSC was for a coverage term of 60 months beginning from the purchase date of June 25, 2023.

4.6     Defendant CSP issued and/or sold this VSC and is the obligor and provider for this Preferred Tire Care VSC.

4.7     Defendant CSP's Preferred Tire Care VSC provides coverage for the repair or replacement of the Vehicle's tires and wheels that are damaged as a result of coming into contact with road hazards.

4.8     At all times relevant to this action, Mr. Stalker paid the down payment and/or each installment payment as required under the terms of the Vehicle's Retail Purchase Agreement and/or VSC.

4.9     Defendant CSP's obligations under the Preferred Tire Care VSC were guaranteed by Defendant CIC, which issued the applicable VSC reimbursement insurance policy/ies required under RCW 48.110.060.

### Defendant CSP's Violations of the SCPA's Consumer Disclosure Requirements

4.10    Under the SCPA, Washington's Legislature placed an affirmative duty upon service contract providers like Defendant CSP to obtain a consumers' initials on a conspicuous statement in a VSC that discloses six specific consumer disclosures. *See* RCW 48.110.075(2)(e).

FIRST AMENDED COMPLAINT FOR DAMAGES – CLASS ACTION - Page 5 of 21

4.11   This statutory scheme thus imposes both a statutory and a contractual obligation upon Defendant CSP to obtain a consumers' initials on a conspicuous statement in a VSC that discloses the six specific consumer disclosures.

4.12   It is illegal to issue, sell, or offer to sell a VSC in Washington without obtaining a consumer's initials on a conspicuous statement that discloses the six specific consumer disclosures. *See* RCW 48.110.075(2).

4.13   Obtaining a consumer's initials on a conspicuous statement in a VSC that discloses the enumerated consumer disclosures is the baseline mechanism established by Washington's Legislature to ensure that consumers purchasing VSCs in Washington are afforded the opportunity to know of their consumer rights.

4.14   If a service contract provider does not obtain a consumer's initials on a conspicuous statement in a VSC that discloses the enumerated consumer disclosures, as a matter of law the purchasing consumer has been deprived of the opportunity to know of each of those enumerated consumer rights.

4.15   Service contract provider Defendant CSP failed to obtain Mr. Stalker's initials on a conspicuous statement in Defendant CSP's Preferred Tire Care VSC that disclosed RCW 48.110.075(2)(e)'s six specific consumer disclosures.

4.16   Defendant CSP's Preferred Tire Care VSC did not contain any conspicuous statement initialed by the service contract holder, as required by RCW 48.110.075(2)(e)(i), disclosing material conditions that the service contract holder

must meet to maintain coverage under the contract including, but not limited to, any maintenance schedule to which the service contract holder must adhere, any requirement placed on the service contract holder for documenting repair or maintenance work, any duty to protect against any further damage, and any procedure to which the service contract holder must adhere for filing claims.

4.17    Defendant CSP's failure to obtain Mr. Stalker's initials on a conspicuous statement in Defendant CSP's Preferred Tire Care VSC for this consumer disclosure deprived him of the opportunity to review this information and the opportunity to have full and accurate information within the purchasing decision.

4.18    It was illegal for Defendant CSP to issue, sell, or offer for sale this VSC to Mr. Stalker without obtaining his initials on a conspicuous statement in the VSC that disclosed this specific information.

4.19    Defendant CSP's Preferred Tire Care VSC did not contain any conspicuous statement initialed by the service contract holder, as required by RCW 48.110.075(2)(e)(ii), disclosing the work and parts covered by the contract.

4.20    Defendant CSP's failure to obtain Mr. Stalker's initials on a conspicuous statement in Defendant CSP's Preferred Tire Care VSC for this consumer disclosure deprived him of the opportunity to review this information and the opportunity to have full and accurate information within the purchasing decision.

FIRST AMENDED COMPLAINT FOR
DAMAGES – CLASS ACTION - Page
7 of 21

4.21   It was illegal for Defendant CSP to issue, sell, or offer for sale this VSC to Mr. Stalker without obtaining his initials on a conspicuous statement in the VSC that disclosed this specific information.

4.22   Defendant CSP's Preferred Tire Care VSC did not contain any conspicuous statement initialed by the service contract holder, as required by RCW 48.110.075(2)(e)(iii), disclosing any time or mileage limitations.

4.23   Defendant CSP's failure to obtain Mr. Stalker's initials on a conspicuous statement in Defendant CSP's Preferred Tire Care VSC for this consumer disclosure deprived him of the opportunity to review this information and the opportunity to have full and accurate information within the purchasing decision.

4.24   It was illegal for Defendant CSP to issue, sell, or offer for sale this VSC to Mr. Stalker without obtaining his initials on a conspicuous statement in the VSC that disclosed this specific information.

4.25   Defendant CSP's Preferred Tire Care VSC did not contain any conspicuous statement initialed by the service contract holder, as required by RCW 48.110.075(2)(e)(iv), disclosing that the implied warranty of merchantability on the vehicle is not waived if the contract has been purchased within ninety (90) days of the purchase date of the vehicle from a provider or service contract seller who also sold the vehicle covered by the contract.

FIRST AMENDED COMPLAINT FOR DAMAGES – CLASS ACTION - Page 8 of 21

4.26  Defendant CSP's failure to obtain Mr. Stalker's initials on a conspicuous statement in Defendant CSP's Preferred Tire Care VSC for this consumer disclosure deprived him of the opportunity to review this information and the opportunity to have full and accurate information within the purchasing decision.

4.27  It was illegal for Defendant CSP to issue, sell, or offer for sale this VSC to Mr. Stalker without obtaining his initials on a conspicuous statement in the VSC that disclosed this specific information.

4.28  Defendant CSP's Preferred Tire Care VSC did not contain any conspicuous statement initialed by the service contract holder, as required by RCW 48.110.075(2)(e)(v), disclosing any exclusions of coverage.

4.29  Defendant CSP's failure to obtain Mr. Stalker's initials on a conspicuous statement in Defendant CSP's Preferred Tire Care VSC for this consumer disclosure deprived him of the opportunity to review this information and the opportunity to have full and accurate information within the purchasing decision.

4.30  It was illegal for Defendant CSP to issue, sell, or offer for sale this VSC to Mr. Stalker without obtaining his initials on a conspicuous statement in the VSC that disclosed this specific information.

4.31  Defendant CSP's Preferred Tire Care VSC did not contain any conspicuous statement initialed by the service contract holder, as required by RCW 48.110.075(2)(e)(vi), disclosing the contract holder's right to return the contract for

a refund, which can be no more restrictive than provided for under RCW 48.110.075(4).

4.32    Defendant CSP's failure to obtain Mr. Stalker's initials on a conspicuous statement in Defendant CSP's Preferred Tire Care VSC for this consumer disclosure deprived him of the opportunity to review this information and the opportunity to have full and accurate information within the purchasing decision.

4.33    It was illegal for Defendant CSP to issue, sell, or offer for sale this VSC to Mr. Stalker without obtaining his initials on a conspicuous statement in the VSC that disclosed this specific information.

4.34    All of these consumer disclosures mandated by the SCPA are a form of property under the CPA. *See Handlin v. On-Site Manager, Inc.*, 2018 WL 1907520 (Wash Ct. App. 2018)[1] (citing *Handlin v. On-Site Manager, Inc.*, 187 Wn. App. 841, 850 (2015)).

4.35    Mr. Stalker was injured by being denied the right to obtain and be afforded the opportunity to know of consumer disclosure information, which had commercial utility to him. *See id.*

---

[1] Cited per Washington's General Rule 14.1.

FIRST AMENDED COMPLAINT FOR DAMAGES – CLASS ACTION - Page 10 of 21

4.36   For example, with respect to cancellation, Defendant CSP's Preferred Tire Care VSC imposes a $25 cancellation fee on Washington consumers who choose to cancel their contracts after 60 days of purchase.

4.37   As a result of Defendant CSP's violations of RCW 48.110.075(2)(e)(vi), Mr. Stalker was not specifically and affirmatively informed of his right to cancel Defendant CSP's Preferred Tire Care VSC within 60 days of purchase to avoid the imposition of an additional charge or penalty.

4.38   Mr. Stalker lost the opportunity to cancel Defendant CSP's Preferred Tire Care VSC within 60 days of purchase to avoid the imposition of an additional charge or penalty.

4.39   This disclosure regarding a consumer's right to cancel a VSC within 60 days of purchase to avoid the imposition of additional charges or penalties is a form of "property" within the context and application of claims under RCW 19.86, *et seq.*

4.40   The opportunity to cancel CSP's Preferred Tire Care VSC within 60 days of purchase had commercial utility for Mr. Stalker through the opportunity to cancel the contract without incurring additional charges or penalties.

4.41   But for Defendant CSP's failure to specifically and affirmatively inform Mr. Stalker of his right to cancel its Preferred Tire Care VSC within 60 days of purchase to avoid the imposition of an additional charge or penalty, Mr. Stalker would have had the opportunity to seek such a "free" cancellation. *Ruiz Torres v.*

FIRST AMENDED COMPLAINT FOR DAMAGES – CLASS ACTION - Page 11 of 21

*Mercer Canyons Inc.*, 835 F.3d 1125, 1136 (9th Cir. 2016); *In re Breast Cancer Prevention Fund*, 547 B.R. 193, 223-25 (2017).

4.42   The Washington Legislature's requirement that service contract providers obtain initialed consumer disclosures on conspicuous statements in their VSCs as a prerequisite to them being "issued, sold, of offered for sale" to consumers in Washington imposes an obligation on service contract providers and their insurers to ensure meaningful disclosure of VSC limitations, consumer rights, and available remedies.

4.43   Defendant CSP issued, sold, and/or offered for sale a VSC to Mr. Stalker and other Washington consumers without fulfilling the statutory and contractual prerequisites to issuing, selling, or offering these products for sale, rendering them void and/or void *ab initio*.

4.44   The Defendants were unjustly enriched by charging Mr. Stalker and other Washington consumers money for VSCs that are specifically prohibited under RCW 48.110, *et seq.*

4.45   Defendant CSP is unable to legally comply with its obligations to Mr. Stalker, because the VSC it offered, sold, or issued is proscribed by RCW 48.110.075.

4.46   The Defendants are not entitled to retain monies garnered through the illegal offer, sale, and/or issue of VSCs to Washington consumers.

4.47   Defendant CIC issued the VSC reimbursement insurance policy for Defendant CSP to "assure the faithful performance of the service contract provider's…obligations to its service contract holders" as required by RCW 48.110.075(2)(a) (citing RCW 48.110.050(2)(a)).

4.48   Defendant CIC is jointly liable for Defendant CSP's violations of RCW 48.110, *et seq.*, described herein, under RCW 48.110.140 ("Any service contract holder…injured as a result of a violation of a provision of this chapter shall be entitled to maintain an action pursuant to chapter 19.86 RCW against the service contract provider…and each insurer issuing the applicable service contract…reimbursement insurance policy or policies and shall be entitled to all of the rights and remedies afforded by that chapter.").

4.49   Mr. Stalker has a statutory right to pursue a claim against Defendant CIC for ***any*** of Defendant CSP's violations of the SCPA.

4.50   The Defendants' actions and inactions constitute violations of Washington's SCPA, RCW 48.110, *et seq.*, and CPA, RCW 19.86, *et seq.*

4.51   The Defendants' actions and inactions caused Mr. Stalker and other consumers to suffer injuries to their business and property in amounts to be proven at trial.

FIRST AMENDED COMPLAINT FOR
DAMAGES – CLASS ACTION - Page
13 of 21

4.52   In addition to an award of damages or restitution, Mr. Stalker seeks an order enjoining the Defendants from continuing, initiating, or re-initiating practices that violate RCW 48.110.140.

4.53   Defendant CSP issued, sold, or offered for sale its Preferred Tire Care VSC to Mr. Stalker and at least 100 other Washington consumers and violated RCW 48.110.075's consumer disclosure requirements in these consumers' VSCs in the same manner as described herein.

4.54   Defendant CSP issued, sold, or offered for sale its Preferred Tire Care VSC to Mr. Stalker and at least 1,000 other Washington consumers and violated RCW 48.110.075's consumer disclosure requirements in these consumers' VSCs in the same manner as described herein.

## V.  CLASS ALLEGATIONS

5.1   The Plaintiff incorporates and realleges the allegations contained in Paragraphs 1.1 through 4.54, above.

5.2   This action is brought on behalf of a class consisting of:

5.2.1  All "Service Contract Holders," as that term is defined in RCW 48.110.020(19);

5.2.2  who purchased or hold a Preferred Tire Care "Vehicle Service Contract," as that term is defined in RCW 48.110.020(18);

5.2.3  that was issued and/or sold by Defendant CSP in Washington;

FIRST AMENDED COMPLAINT FOR DAMAGES – CLASS ACTION - Page 14 of 21

5.2.4  in which the Preferred Tire Care "Vehicle Service Contract" does not contain the "Service Contract Holders'" initials on one or more of the mandatory consumer disclosures enumerated in RCW 48.110.075(2)(e)(i) – (vi);

5.2.5  within the four (4) years prior to the commencement of this lawsuit;

5.2.6  through the date the class is certified.

5.3     The Plaintiff has the same claims as the members of the class. All of the claims are based on the same factual and legal theories.

5.4     The Plaintiff will fairly and adequately represent the interests of the class members. He is committed to vigorously litigating this matter.

5.5     Neither the Plaintiff nor his counsel have any interests which might cause them not to vigorously pursue this claim.

5.6     The identities of all class members are readily ascertainable from the transaction records of the Defendants.

5.7     Excluded from the class are the Defendants and all officers, members, partners, managers, directors, and employees of the Defendants and their respective immediate families, as well as legal counsel for all parties and the judge assigned to this action and all members of their immediate families.

FIRST AMENDED COMPLAINT FOR DAMAGES – CLASS ACTION - Page 15 of 21

5.8     A class action is a superior method for the fair and efficient adjudication of this controversy.

5.9     Class-wide damages and injunctive relief are essential to induce the Defendants to comply with the law.

5.10    The interest of the class members in individually controlling the presentation of separate claims against the Defendants is small, because the injury and/or amounts of damages suffered by each individual class member is relatively small.

5.11    Certification of a class pursuant to FRCP 23(b)(2) and/or 23(b)(3) is appropriate. A class action is the only appropriate means of resolving this controversy because the class members are not aware of their rights, the class is comprised of a largely vulnerable population, and the amounts of available damages for many of the class members are relatively small. In the absence of a class action, a failure of justice will result.

## VI.  CLAIMS FOR RELIEF

### First Cause of Action:
### Violation of Washington's Consumer Protection Act, RCW 19.86, *et seq.*

6.1     The Plaintiff incorporates and realleges the allegations contained in paragraphs 1.1 through 5.11, above.

FIRST AMENDED COMPLAINT FOR DAMAGES – CLASS ACTION - Page 16 of 21

6.2    Defendant CSP, through its conduct, has engaged in unfair and/or deceptive acts in trade or commerce in violation of Washington's CPA, RCW 19.86, *et seq.*

6.3    Pursuant to RCW 48.110.140, Defendant CSP's conduct in violation of RCW 48.110, *et seq.*, constitutes unfair and/or deceptive acts and/or practices in trade or commerce and/or an unfair method of competition, as specifically contemplated by RCW 19.86.020.

6.4    Pursuant to RCW 48.110.140, Defendant CSP's conduct in violation of RCW 48.110, *et seq.*, involves matters vitally affecting the public interest for the purpose of applying the CPA, RCW 19.86, *et seq.*

6.5    Pursuant to RCW 48.110.140, Defendant CSP's conduct in violation of RCW 48.110, *et seq.*, is not reasonable in relation to the development and preservation of business.

6.6    Pursuant to RCW 48.110.140, Defendant CSP's actions in violation of RCW 48.110, *et seq.*, constitute violations of RCW 19.86, *et seq.*

6.7    Pursuant to RCW 48.110.140, Defendant CIC is liable for Defendant CSP's violations of the SCPA and CPA.

6.8    Defendant CSP's conduct has caused injury, including but not limited to informational injury and deprivation of opportunities, and damages to the Plaintiff and other Washington consumers in their business and/or property.

FIRST AMENDED COMPLAINT FOR DAMAGES – CLASS ACTION - Page 17 of 21

6.9    Defendant CSP's actions, committed in violation of its legal obligations, warrant exemplary damages as provided by RCW 19.86.090.

6.10    As a result of these violations and injuries, and pursuant to RCW 19.86.090, the Plaintiff is entitled to an award of his costs and reasonable attorneys' fees incurred in vindicating his claims before the court.

6.11    The Plaintiff is entitled to a remedy of rescission and/or restitution under the CPA.

6.12    In addition, the Plaintiff requests that the court enjoin the continuation, initiation, or re-initiation of further violations by the Defendants.

**<u>Second Cause of Action:</u>**
**<u>Unjust Enrichment/Restitution</u>**

6.13    Defendant CSP's Preferred Tire Care VSC is in conflict with the SCPA's statutory requirements and its legislative policy and/or purpose.

6.14    Defendant CSP's Preferred Tire Care VSC is contrary to public policy by having a tendency to be against the public good and injurious to the public.

6.15    Defendant CSP's Preferred Tire Care VSC is illegal, void, and unenforceable.

6.16    Defendant CSP received cash benefits through their illegal sale and issuance of a non-compliant VSC to consumers, including the Plaintiff.

FIRST AMENDED COMPLAINT FOR
DAMAGES – CLASS ACTION - Page
18 of 21

6.17   The cash benefits received by Defendant CSP through its illegal sale and/or issuance of a noncompliant VSC were garnered at the expense of consumers, including the Plaintiff.

6.18   It is inequitable and would be manifestly unjust for Defendant CSP to retain the consideration that the Plaintiff paid for the illegal and/or non-compliant VSCs that are specifically prohibited under RCW 48.110, *et seq.*, because allowing Defendants to retain the consideration rewards them for their violations of Washington law and rewards them for failing to specifically and affirmatively inform the Plaintiff of the SCPA's required consumer disclosures and the corresponding opportunities and benefits.

6.19   Defendant CSP is unable to legally comply with its obligations to Mr. Stalker, because the VSC it offered, sold, or issued is proscribed by RCW 48.110.075.

6.20   Defendant CSP is the culpable party for its role in offering, selling, and/or issuing illegal Preferred Tire Care VSCs.

6.21   The Plaintiff may disaffirm the illegal Preferred Tire Care VSC and recover the funds paid under it.

6.22   As a result of the Defendants' unjust enrichment, the Plaintiff is entitled to restitution of amounts paid or disgorgement of amounts garnered through

FIRST AMENDED COMPLAINT FOR DAMAGES – CLASS ACTION - Page 19 of 21

Defendant CSP's illegal sale and/or issuance of a non-compliant VSC to consumers, including the Plaintiff.

## VII.  RELIEF REQUESTED

WHEREFORE, the Plaintiff prays for relief as follows:

7.1    An order certifying class members' claims pursuant to FRCP 23(b)(2) and/or 23(b)(3), appointing the named Plaintiff as representative of the proposed class, or such other class as the Court may deem appropriate, and appointing undersigned counsel as class counsel;

7.2    For a declaration that the VSC issued, sold, or offered for sale in violation of Washington law is void and/or void *ab initio*;

7.3    For rescission, restitution, disgorgement, and/or refund of amounts received from the Plaintiff and the putative class for the VSC that was issued, sold, or offered for sale to them in violation of Washington law;

7.4    For injury, actual damages, and exemplary damages pursuant to RCW 19.86.090;

7.5    For costs and attorneys' fees as provided by RCW 19.86.090 and/or any other statute or common law ground;

7.6    For interest as allowed by law;

7.7    For an order enjoining the Defendants from continuing, initiating, or re-initiating further violations of RCW 48.110, *et seq*.; and

FIRST AMENDED COMPLAINT FOR DAMAGES – CLASS ACTION - Page 20 of 21

7.8    For such other relief as the Court may deem just and equitable.

DATED this 25th day of September 2025.

CAMERON SUTHERLAND, PLLC

s/ *Shayne J. Sutherland*
Shayne J. Sutherland, WSBA #44593
Brian G. Cameron, WSBA #44905
Attorney for Plaintiff

HOGUE LAW FIRM

s/ *Christopher M. Hogue*
Christopher M. Hogue, WSBA #48041
Attorney for Plaintiff

FIRST AMENDED COMPLAINT FOR
DAMAGES – CLASS ACTION - Page
21 of 21