HONORABLE STANLEY A. BASTIAN

Shayne J. Sutherland, WSBA #44593
CAMERON SUTHERLAND, PLLC
827 W. 1st Ave., Ste. 301
Spokane, WA 99201
Tel: 509-315-4507
Email: ssutherland@cameronsutherland.com
Attorney for Plaintiff

Christopher M. Hogue, WSBA #48041
HOGUE LAW FIRM
827 W. 1st Ave., Ste. 301
Spokane, 99201
Tel: 509-934-1998
Email: chris@spokaneadvocate.com
Attorney for Plaintiff

IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| ANTHONY STALKER, on behalf of himself and all others similarly situated,<br><br>Plaintiff,<br><br> vs.<br><br>CONTINENTAL SERVICE PLAN, INC., a foreign corporation;<br><br>Defendant. | Case No. 2:25-cv-00089-SAB<br><br>**SECOND AMENDED COMPLAINT FOR DAMAGES – CLASS ACTION** |

SECOND AMENDED COMPLAINT FOR DAMAGES – CLASS ACTION - Page 1 of 20

Plaintiff Anthony Stalker, on behalf of himself and all others similarly situated, by and through his attorneys of record, Cameron Sutherland, PLLC and Hogue Law Firm, alleges as follows against the above-named Defendant.

## I. INTRODUCTION

1.1 This action involves a vehicle service contract provider that issues, sells, or offers for sale vehicle service contracts (VSCs) without providing or affirming important consumer disclosures as required by Washington law. RCW 48.110.075(2) mandates such disclosures as a prerequisite to issuing, selling, or offering for sale any VSC in the state.

1.2 Mr. Stalker brings this action against the above-captioned Defendant on behalf of himself and all others similarly situated to recover for injury, damages, costs, attorneys' fees, and any other relief the court deems just and proper for Defendant Continental Service Plan, Inc.'s unjust enrichment and violations of Washington's Consumer Protection Act ("CPA"), RCW 19.86, *et seq.*, vis-à-vis its violations of Washington's Service Contract Providers Act ("SCPA"), RCW 48.110, *et seq.* Mr. Stalker also seeks injunctive relief to enjoin the Defendant Continental Service Plan, Inc. from continuing, initiating, or re-initiating business practices that violate Washington's consumer protection standards and statutory requirements.

## II. IDENTITY OF PARTIES

2.1  Plaintiff ANTHONY STALKER is a natural person residing in Spokane, Washington, who purchased the VSC at issue in Spokane County in conjunction with a vehicle purchase from Dishman Dodge in Spokane.

2.2  Defendant CONTINENTAL SERVICE PLAN, INC. ("CSP") is foreign corporation that is engaged in the issue, sale, and servicing of VSCs for automobiles; recreational vehicles; and motorcycle, watercraft, and all-terrain vehicles throughout Washington, including the one sold and issued to Mr. Stalker. CSP is a "service contract provider" as that term is defined under RCW 48.110.020(20) and/or a "service contract seller" as that term is defined under RCW 48.110.020(21). Mr. Stalker is entitled to bring an action against a VSC provider pursuant to RCW 48.110.140.

## III. STATEMENT OF JURISDICTION AND VENUE

3.1  This matter was properly filed in Spokane County Superior Court. Defendant removed the case to this Court and claimed jurisdiction pursuant to Class Action Fairness Act, 28 U.S.C. § 1332(d), and that venue is proper in this Court. By amending his Complaint after removal, Mr. Stalker does not concede that jurisdiction is proper.

SECOND AMENDED COMPLAINT
FOR DAMAGES – CLASS ACTION -
Page 3 of 20

3.2    RCW 48.110.075(3) prohibits service contracts from containing a provision requiring that any civil action brought in connection with the service contract be brought in the courts of a jurisdiction other than this state.

## IV. FACTUAL BACKGROUND

4.1    Plaintiff incorporates and realleges the allegations contained in paragraphs 1.1 through 3.2 above.

4.2    On or about June 25, 2023, Mr. Stalker purchased a 2023 Jeep Grand Cherokee ("Vehicle"), identified by VIN 1C4RJKEG9P8848556 from Dishman Dodge, a retail motor vehicle dealership in Spokane, Washington.

4.3    In conjunction with the sale of the Vehicle, Mr. Stalker purchased a VSC, branded as "Preferred Tire Care" for the separately stated consideration of $723.00.

4.4    The Preferred Tire Care VSC sold to Mr. Stalker was identified as Contract Number PTC12 38403159 in the upper righthand corner of the VSC.

4.5    This VSC was for a coverage term of 60 months beginning from the purchase date of June 25, 2023.

4.6    Defendant CSP issued and/or sold this VSC and is the obligor and provider for this Preferred Tire Care VSC.

SECOND AMENDED COMPLAINT
FOR DAMAGES – CLASS ACTION -
Page 4 of 20

4.7 Defendant CSP's Preferred Tire Care VSC provides coverage for the repair or replacement of the Vehicle's tires and wheels that are damaged as a result of coming into contact with road hazards.

4.8 At all times relevant to this action, Mr. Stalker paid the down payment and/or each installment payment as required under the terms of the Vehicle's Retail Purchase Agreement and/or VSC.

### Defendant CSP's Violations of the SCPA's Consumer Disclosure Requirements

4.9 Under the SCPA, Washington's Legislature placed an affirmative duty upon service contract providers like Defendant CSP to obtain a consumers' initials on a conspicuous statement in a VSC that discloses six specific consumer disclosures. *See* RCW 48.110.075(2)(e).

4.10 This statutory scheme thus imposes an obligation upon Defendant CSP to obtain a consumer's initials on a conspicuous statement in a VSC that discloses the six specific consumer disclosures.

4.11 It is illegal to issue, sell, or offer to sell a VSC in Washington without obtaining a consumer's initials on a conspicuous statement that discloses the six specific consumer disclosures. *See* RCW 48.110.075(2).

4.12 Obtaining a consumer's initials on a conspicuous statement in a VSC that discloses the enumerated consumer disclosures is the baseline mechanism

SECOND AMENDED COMPLAINT
FOR DAMAGES – CLASS ACTION -
Page 5 of 20

established by Washington's Legislature to ensure that consumers purchasing VSCs in Washington are afforded the opportunity to know of their consumer rights.

4.13  If a service contract provider does not obtain a consumer's initials on a conspicuous statement in a VSC that discloses the enumerated consumer disclosures, as a matter of law, the purchasing consumer has been deprived of the opportunity to know of each of those enumerated, important, and valuable consumer rights.

4.14  Service contract provider Defendant CSP failed to obtain Mr. Stalker's initials on a conspicuous statement in Defendant CSP's Preferred Tire Care VSC that disclosed RCW 48.110.075(2)(e)'s six specific consumer disclosures.

4.15  Defendant CSP's Preferred Tire Care VSC did not contain any conspicuous statement initialed by the service contract holder, as required by RCW 48.110.075(2)(e)(i), disclosing material conditions that the service contract holder must meet to maintain coverage under the contract including, but not limited to, any maintenance schedule to which the service contract holder must adhere, any requirement placed on the service contract holder for documenting repair or maintenance work, any duty to protect against any further damage, and any procedure to which the service contract holder must adhere for filing claims.

4.16  Defendant CSP's failure to obtain Mr. Stalker's initials on a conspicuous statement in Defendant CSP's Preferred Tire Care VSC for this consumer disclosure deprived him of the opportunity to review this information and

SECOND AMENDED COMPLAINT
FOR DAMAGES – CLASS ACTION -
Page 6 of 20

to have full and accurate information at the time of and within the purchasing decision.

4.17   It was illegal for Defendant CSP to issue, sell, or offer for sale this VSC to Mr. Stalker without obtaining his initials on a conspicuous statement in the VSC that disclosed this specific information.

4.18   Defendant CSP's Preferred Tire Care VSC did not contain any conspicuous statement initialed by the service contract holder, as required by RCW 48.110.075(2)(e)(ii), disclosing the work and parts covered by the contract.

4.19   Defendant CSP's failure to obtain Mr. Stalker's initials on a conspicuous statement in Defendant CSP's Preferred Tire Care VSC for this consumer disclosure deprived him of the opportunity to review this information and to have full and accurate information at the time of and within the purchasing decision.

4.20   It was illegal for Defendant CSP to issue, sell, or offer for sale this VSC to Mr. Stalker without obtaining his initials on a conspicuous statement in the VSC that disclosed this specific information.

4.21   Defendant CSP's Preferred Tire Care VSC did not contain any conspicuous statement initialed by the service contract holder, as required by RCW 48.110.075(2)(e)(iii), disclosing any time or mileage limitations.

SECOND AMENDED COMPLAINT
FOR DAMAGES – CLASS ACTION -
Page 7 of 20

4.22 Defendant CSP's failure to obtain Mr. Stalker's initials on a conspicuous statement in Defendant CSP's Preferred Tire Care VSC for this consumer disclosure deprived him of the opportunity to review this information and to have full and accurate information at the time of and within the purchasing decision.

4.23 It was illegal for Defendant CSP to issue, sell, or offer for sale this VSC to Mr. Stalker without obtaining his initials on a conspicuous statement in the VSC that disclosed this specific information.

4.24 Defendant CSP's Preferred Tire Care VSC did not contain any conspicuous statement initialed by the service contract holder, as required by RCW 48.110.075(2)(e)(iv), disclosing that the implied warranty of merchantability on the vehicle is not waived if the contract has been purchased within ninety (90) days of the purchase date of the vehicle from a provider or service contract seller who also sold the vehicle covered by the contract.

4.25 Defendant CSP's failure to obtain Mr. Stalker's initials on a conspicuous statement in Defendant CSP's Preferred Tire Care VSC for this consumer disclosure deprived him of the opportunity to review this information and to have full and accurate information at the time of and within the purchasing decision.

4.26 It was illegal for Defendant CSP to issue, sell, or offer for sale this VSC to Mr. Stalker without obtaining his initials on a conspicuous statement in the VSC that disclosed this specific information.

4.27 Defendant CSP's Preferred Tire Care VSC did not contain any conspicuous statement initialed by the service contract holder, as required by RCW 48.110.075(2)(e)(v), disclosing any exclusions of coverage.

4.28 Defendant CSP's failure to obtain Mr. Stalker's initials on a conspicuous statement in Defendant CSP's Preferred Tire Care VSC for this consumer disclosure deprived him of the opportunity to review this information and to have full and accurate information at the time of and within the purchasing decision.

4.29 It was illegal for Defendant CSP to issue, sell, or offer for sale this VSC to Mr. Stalker without obtaining his initials on a conspicuous statement in the VSC that disclosed this specific information.

4.30 Defendant CSP's Preferred Tire Care VSC did not contain any conspicuous statement initialed by the service contract holder, as required by RCW 48.110.075(2)(e)(vi), disclosing the contract holder's right to return the contract for a refund, which can be no more restrictive than provided for under RCW 48.110.075(4).

SECOND AMENDED COMPLAINT
FOR DAMAGES – CLASS ACTION -
Page 9 of 20

4.31   Defendant CSP's failure to obtain Mr. Stalker's initials on a conspicuous statement in Defendant CSP's Preferred Tire Care VSC for this consumer disclosure deprived him of the opportunity to review this information and to have full and accurate information at the time of and within the purchasing decision.

4.32   It was illegal for Defendant CSP to issue, sell, or offer for sale this VSC to Mr. Stalker without obtaining his initials on a conspicuous statement in the VSC that disclosed this specific information.

4.33   All of these consumer disclosures mandated by the SCPA are a form of property under the CPA. *See Handlin v. On-Site Manager, Inc.*, 2018 WL 1907520 (Wash Ct. App. 2018)[1] (citing *Handlin v. On-Site Manager, Inc.*, 187 Wn. App. 841, 850 (2015)).

4.34   Mr. Stalker was injured by being denied the right to obtain and be afforded the opportunity to know of consumer disclosure information - including, but not limited to, the time of the purchasing decision - which had importance and commercial utility to him. *See id.*

---

[1] Cited per Washington's General Rule 14.1.

SECOND AMENDED COMPLAINT
FOR DAMAGES – CLASS ACTION -
Page 10 of 20

4.35    For example, with respect to cancellation, Defendant CSP's Preferred Tire Care VSC imposes a $25 cancellation fee on Washington consumers who choose to cancel their contracts after 60 days of purchase.

4.36    As a result of Defendant CSP's violations of RCW 48.110.075(2)(e)(vi), Mr. Stalker was not specifically and affirmatively informed of his right to cancel Defendant CSP's Preferred Tire Care VSC within 60 days of purchase to avoid the imposition of an additional charge or penalty.

4.37    Mr. Stalker lost the opportunity to cancel Defendant CSP's Preferred Tire Care VSC within 60 days of purchase to avoid the imposition of an additional charge or penalty.

4.38    This disclosure regarding a consumer's right to cancel a VSC within 60 days of purchase to avoid the imposition of additional charges or penalties is a form of "property" within the context and application of claims under RCW 19.86, *et seq*.

4.39    The opportunity to cancel CSP's Preferred Tire Care VSC within 60 days of purchase had commercial utility for Mr. Stalker through the opportunity to cancel the contract without incurring additional charges or penalties.

4.40    But for Defendant CSP's failure to specifically and affirmatively inform Mr. Stalker of his right to cancel its Preferred Tire Care VSC within 60 days of purchase to avoid the imposition of an additional charge or penalty, Mr. Stalker would have had the opportunity to seek such a "free" cancellation. *Ruiz Torres v.*

SECOND AMENDED COMPLAINT
FOR DAMAGES – CLASS ACTION -
Page 11 of 20

*Mercer Canyons Inc.*, 835 F.3d 1125, 1136 (9th Cir. 2016); *In re Breast Cancer Prevention Fund*, 547 B.R. 193, 223-25 (2017).

4.41 Washington Legislature's requirement that service contract providers obtain initialed consumer disclosures on conspicuous statements in their VSCs as a prerequisite to them being "issued, sold, of offered for sale" to consumers in Washington imposes an obligation on service contract providers and their insurers to ensure meaningful disclosure of VSC limitations, consumer rights, and available remedies. By failing to do so, like in this case, Mr. Stalker and other consumers are deprived of the opportunity have full and accurate informatio in the course of the purchasing decision to potentially exercise such rights and remedies post-purchase.

4.42 Defendant CSP issued, sold, and/or offered for sale a VSC to Mr. Stalker and other Washington consumers without fulfilling the statutory and contractual prerequisites to issuing, selling, or offering these products for sale, rendering them void.

4.43 Defendant CSP was unjustly enriched by charging Mr. Stalker and other Washington consumers money for VSCs that are specifically prohibited and deemed illegal under RCW 48.110, *et seq*.

4.44 Defendant CSP is unable to legally comply with its obligations to Mr. Stalker, because the VSC it offered, sold, or issued is proscribed by RCW 48.110.075.

SECOND AMENDED COMPLAINT
FOR DAMAGES – CLASS ACTION -
Page 12 of 20

4.45 Defendant CSP is not entitled to retain monies garnered through the illegal offer, sale, and/or issue of VSCs to Mr. Stalker and other Washington consumers.

4.46 Defendant CSP's actions and inactions constitute violations of Washington's SCPA, RCW 48.110, *et seq.*, and CPA, RCW 19.86, *et seq.*

4.47 Defendant CSP's actions and inactions caused Mr. Stalker and other consumers to suffer injuries to their business and property in amounts to be proven at trial.

4.48 In addition to an award of damages or restitution, Mr. Stalker seeks an order enjoining the Defendant CSP from continuing, initiating, or re-initiating practices that violate RCW 48.110.140.

4.49 Defendant CSP issued, sold, or offered for sale its Preferred Tire Care VSC to Mr. Stalker and at least 100 other Washington consumers and violated RCW 48.110.075's consumer disclosure requirements in these consumers' VSCs in the same manner as described herein.

4.50 Defendant CSP issued, sold, or offered for sale its Preferred Tire Care VSC to Mr. Stalker and at least 1,000 other Washington consumers and violated RCW 48.110.075's consumer disclosure requirements in these consumers' VSCs in the same manner as described herein.

## V.  CLASS ALLEGATIONS

5.1    Plaintiff incorporates and realleges the allegations contained in Paragraphs 1.1 through 4.54, above.

5.2    This action is brought on behalf of a class consisting of:

    5.2.1  All "Service Contract Holders," as that term is defined in RCW 48.110.020(19);

    5.2.2  who purchased or hold a Preferred Tire Care "Vehicle Service Contract," as that term is defined in RCW 48.110.020(18);

    5.2.3  that was issued and/or sold by Defendant CSP in Washington;

    5.2.4  in which the Preferred Tire Care "Vehicle Service Contract" does not contain the "Service Contract Holders'" initials on one or more of the mandatory consumer disclosures enumerated in RCW 48.110.075(2)(e)(i) – (vi);

    5.2.5  within the four (4) years prior to the commencement of this lawsuit;

    5.2.6  through the date the class is certified.

5.3    Plaintiff has the same claims as the members of the class. All of the claims are based on the same factual and legal theories.

5.4    Plaintiff will fairly and adequately represent the interests of the class members. He is committed to vigorously litigating this matter.

SECOND AMENDED COMPLAINT
FOR DAMAGES – CLASS ACTION -
Page 14 of 20

5.5    Neither Plaintiff nor his counsel have any interests which might cause them not to vigorously pursue this claim.

5.6    The identities of all class members are readily ascertainable from the transaction records of Defendant CSP.

5.7    Excluded from the class are Defendant CSP's and all officers, members, partners, managers, directors, and employees of Defendant CSP and its respective immediate families, as well as legal counsel for all parties and the judge assigned to this action and all members of their immediate families.

5.8    A class action is a superior method for the fair and efficient adjudication of this controversy.

5.9    Class-wide damages and injunctive relief are essential to induce Defendant CSP to comply with the law.

5.10   The interest of the class members in individually controlling the presentation of separate claims against Defendant CSP is small, because the injury and/or amounts of damages suffered by each individual class member is relatively small.

5.11   Certification of a class pursuant to FRCP 23(b)(2) and/or 23(b)(3) is appropriate. A class action is the only appropriate means of resolving this controversy because the class members are not aware of their rights, the class is comprised of a largely vulnerable population, and the amounts of available damages

SECOND AMENDED COMPLAINT
FOR DAMAGES – CLASS ACTION -
Page 15 of 20

for many of the class members are relatively small. In the absence of a class action, a failure of justice will result.

## VI.  CLAIMS FOR RELIEF

**First Cause of Action:**
**Violation of Washington's Consumer Protection Act, RCW 19.86, *et seq*.**

6.1     Plaintiff incorporates and realleges the allegations contained in paragraphs 1.1 through 5.11, above.

6.2     Defendant CSP, through its conduct, has engaged in unfair and/or deceptive acts in trade or commerce in violation of Washington's CPA, RCW 19.86, *et seq*.

6.3     Pursuant to RCW 48.110.140, Defendant CSP's conduct in violation of RCW 48.110, *et seq*., constitutes unfair and/or deceptive acts and/or practices in trade or commerce and/or an unfair method of competition, as specifically contemplated by RCW 19.86.020.

6.4     Pursuant to RCW 48.110.140, Defendant CSP's conduct in violation of RCW 48.110, *et seq*., involves matters vitally affecting the public interest for the purpose of applying the CPA, RCW 19.86, *et seq*.

6.5     Pursuant to RCW 48.110.140, Defendant CSP's conduct in violation of RCW 48.110, *et seq*., is not reasonable in relation to the development and preservation of business.

6.6     Pursuant to RCW 48.110.140, Defendant CSP's actions in violation of RCW 48.110, *et seq.*, constitute violations of RCW 19.86, *et seq.*

6.7     Defendant CSP's conduct has caused injury, including but not limited to informational injury and deprivation of opportunities, and damages to Plaintiff and other Washington consumers in their business and/or property.

6.8     Defendant CSP's actions, committed in violation of its legal obligations, warrant exemplary damages as provided by RCW 19.86.090.

6.9     As a result of these violations and injuries, and pursuant to RCW 19.86.090, Plaintiff is entitled to an award of his costs and reasonable attorneys' fees incurred in vindicating his claims before the court.

6.10    Plaintiff is entitled to a remedy of rescission and/or restitution under the CPA.

6.11    In addition, Plaintiff requests that the court enjoin the continuation, initiation, or re-initiation of further violations by Defendant CSP.

### Second Cause of Action: Unjust Enrichment/Restitution

6.12    Defendant CSP's Preferred Tire Care VSC is in conflict with the SCPA's statutory requirements and its legislative policy and/or purpose.

6.13    Defendant CSP's Preferred Tire Care VSC is contrary to public policy by having a tendency to be against the public good and injurious to the public.

SECOND AMENDED COMPLAINT
FOR DAMAGES – CLASS ACTION -
Page 17 of 20

6.14  Defendant CSP's Preferred Tire Care VSC is illegal, void, and unenforceable.

6.15  Defendant CSP received cash benefits through their illegal sale and issuance of a non-compliant VSC to consumers, including to Plaintiff.

6.16  The cash benefits received by Defendant CSP through its illegal sale and/or issuance of a noncompliant VSC were garnered at the expense of consumers, including at Plaintiff's expense.

6.17  It is inequitable and would be manifestly unjust for Defendant CSP to retain the consideration that Plaintiff paid for the illegal and/or non-compliant VSCs that are specifically prohibited under RCW 48.110, *et seq.*, because allowing Defendant CSP to retain the consideration rewards them for their violations of Washington law and rewards them for failing to specifically and affirmatively inform Plaintiff of the SCPA's required consumer disclosures and the corresponding opportunities, benefits, and remedies.

6.18  Defendant CSP is unable to legally comply with its obligations to Mr. Stalker, because the VSC it offered, sold, or issued is proscribed by RCW 48.110.075.

6.19  Defendant CSP is the culpable party for its role in offering, selling, and/or issuing illegal Preferred Tire Care VSCs.

SECOND AMENDED COMPLAINT
FOR DAMAGES – CLASS ACTION -
Page 18 of 20

6.20    Plaintiff may disaffirm the illegal Preferred Tire Care VSC and recover the funds paid under it.

6.21    As a result of Defendant CSP's unjust enrichment, Plaintiff is entitled to restitution of amounts paid or disgorgement of amounts garnered through Defendant CSP's illegal sale and/or issuance of a non-compliant VSC to consumers, including to Plaintiff.

## VII.  RELIEF REQUESTED

WHEREFORE, Plaintiff prays for relief as follows:

7.1    An order certifying class members' claims pursuant to FRCP 23(b)(2) and/or 23(b)(3), appointing the named Plaintiff as representative of the proposed class, or such other class as the Court may deem appropriate, and appointing undersigned counsel as class counsel;

7.2    For a declaration that the VSCs issued, sold, or offered for sale in violation of Washington law is void;

7.3    For rescission, restitution, disgorgement, and/or refund of amounts received by Defendant CSP from Plaintiff and the putative class for the VSCs that were issued, sold, or offered for sale to them in violation of Washington law;

7.4    For actual damages and injury for Plaintiff and the putative class;

7.5    For exemplary damages pursuant to RCW 19.86.090;

SECOND AMENDED COMPLAINT
FOR DAMAGES – CLASS ACTION -
Page 19 of 20

7.6   For costs and attorneys' fees as provided by RCW 19.86.090 and/or any other statute or common law ground;

7.7   For interest as allowed by law;

7.8   For an order enjoining Defendant CSP from continuing, initiating, or re-initiating further violations of RCW 48.110, *et seq*.; and

7.9   For such other relief as the Court may deem just and equitable.

DATED this 13th day of November 2025.

CAMERON SUTHERLAND, PLLC

s/ *Shayne J. Sutherland*
Shayne J. Sutherland, WSBA #44593
Brian G. Cameron, WSBA #44905
Attorneys for Plaintiff


HOGUE LAW FIRM

s/ *Christopher M. Hogue*
Christopher M. Hogue, WSBA #48041
Attorney for Plaintiff

SECOND AMENDED COMPLAINT
FOR DAMAGES – CLASS ACTION -
Page 20 of 20