FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Apr 20, 2026

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| ANTHONY STALKER, on behalf of himself and all others similarly situated,<br><br>   Plaintiff,<br><br>   v.<br><br>CONTINENTAL SERVICE PLAN INC, a New Jersey corporation,<br><br>   Defendants. | No.  2:25-CV-00089-SAB<br><br>**ORDER GRANTING MOTION TO DISMISS** |

Before the Court is Defendant's Motion to Dismiss Plaintiff's Second Amended Complaint, ECF No. 38. The motion was heard without oral argument. Plaintiff is represented by Christopher Hogue, Shayne Sutherland, and Brian Cameron. Defendant is represented by Connor Gordon, Daniel Harkins, Geoffrey Godwin, Meredith Theilbahr, and Thomas Lloyd.

**Background**

In 2023, Plaintiff purchased a 2023 Jeep Grand Cherokee from Dishman Dodge, a motor vehicle dealership located in Spokane. In conjunction with the sale of the vehicle, Plaintiff also purchased a "Preferred Tire Care" vehicle service contract (VSC) from Defendant. Plaintiff did not initial the specific sections of the VSC that included consumer disclosures required by Wash. Rev. Code §

**ORDER GRANTING MOTION TO DISMISS ~ 1**

48.110.075(2)(e). Plaintiff subsequently filed a class action lawsuit, alleging that Defendant violated Washington's Consumer Protection Act (CPA) and was unjustly enriched by the sale of its VSCs.

On April 18, 2025, Defendants moved to dismiss Plaintiff's complaint, arguing that Plaintiff failed to plausibly allege an injury and causation under the CPA, as well as unjust enrichment. The Court agreed and dismissed the complaint with leave to amend. Plaintiff filed an Amended Complaint on September 25, 2025, dismissing co-defendant Continental Insurance Company, followed by a Second Amended Complaint on November 13, 2025.

In his Second Amended Complaint, Plaintiff asserts he was deprived of the opportunity to review and know of his rights because he did not initial the § 48.110.075(2)(e) disclosures. Plaintiff alleges that but for Defendant's failure to require him to initial the disclosures, he would have had the opportunity to know of rights such as a right to cancel the VSC within 60 days for free. Plaintiff also asserts Defendant was unjustly enriched by accepting payment for a VSC that allegedly violated the CPA.

Defendant now asks the Court to dismiss the Second Amended Complaint for failure to state a claim upon which relief can be granted.

**Motion Standard**

Fed. R. Civ P. 12(b)(6) allows a party to move to dismiss a complaint for failing to state a claim upon which relief can be granted. To give fair notice and allow a defendant to effectively defend itself, a plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is plausible on its face when "the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Dismissal may be based on either a lack of a cognizable legal theory or the absence of sufficient facts. *Shroyer v. New Cingular Wireless Servs., Inc.*, 622

**ORDER GRANTING MOTION TO DISMISS ~ 2**

F.3d 1035, 1041 (9th Cir. 2010).

When evaluating a Rule 12(b)(6) motion, a court must "presume all factual allegations of the complaint [are] true and draw all reasonable inferences in favor of the non-moving party." *Usher v. City of Los Angeles*, 828 F.2d 556, 561 (9th Cir. 1987). However, the court is not required to accept conclusory allegations as true or to accept any unreasonable inferences. *In re Gilead Scis. Sec. Litig.*, 536 F.3d 1049, 1057 (9th Cir. 2008). The Court is also not bound to accept as true allegations that contradict matters that are properly exhibited. *Id.* at 1055.

### Legal Framework

The Washington Legislature enacted the Service Contracts and Protection Product Guarantees Act, Wash. Rev. Code 48.110, *et seq.*, with to address, "risks that contract obligators will close or otherwise be unable to fulfill their contract obligations that could result in unnecessary and preventable losses to citizens of this state." Wash. Rev. Code § 48.110.010. Section 48.110.075 applies to Vehicle Service Contracts (VCS) and states that a service contract must contain "a conspicuous statement that has been initialed by the service contract holder and discloses" six specific disclosures including a contract holder's right to return a contract. Wash. Rev. Code § 48.110.075(2)(e).

A violation of § 48.110.075 is a violation of the Consumer Protection Act (CPA). "Any service contract holder or protection product guarantee holder injured as a result of a violation of a provision of this chapter shall be entitled to maintain an action pursuant to chapter 19.86 RCW…" § 48.110.140.

To state a private claim under the CPA, Plaintiff must allege (1) an unfair or deceptive act or practice, (2) occurring in trade or commerce, (3) affecting the public interest, (4) injury to a person's business or property, and (5) causation. *Hangman Ridge Training Stables, Inc. v. Safeco Title Ins. Co.*, 105 Wash. 2d 778 (1986).

**ORDER GRANTING MOTION TO DISMISS ~ 3**

The first two elements may be established by showing that the alleged act constitutes a per se unfair trade practice. *Hangman Ridge*, 105 Wash.2d at 786. A per se unfair trade practice exists when the defendant has violated a statute that has been declared by the legislature to constitute an unfair or deceptive act in trade or commerce. *Id.* The public interest element may also be satisfied per se by "showing that a statute has been violated which contains a specific legislative declaration of public interest impact." *Id.*

Under the fourth element of the CPA, "business" refers to a commercial for-profit enterprise or occupation. *Ambach v. French*, 167 Wash.2d 167, 172 (2009). "Property" encompasses one's right to possess, use, or enjoy a determinate thing. *Id.* The CPA does not require that a property injury be a quantifiable loss, and injury can be minimal or temporary. *Frias v. Asset Foreclosure Servs., Inc.*, 181 Wash. 2d 412, 431 (2014).

To satisfy the CPA's fifth element, a plaintiff must show that their injury would not have happened but for the defendant's unfair or deceptive practice. *Schnall v. AT&T Wireless Servs.*, Inc., 171 Wash. 2d 260, 278, (2011).

Unjust enrichment is a method of recovering the value of a benefit given by a plaintiff and retained by a defendant when no contractual relationship exists between the parties and yet "notions of fairness and justice require it." *Young v. Young*, 164 Wash.2d 477, 484 (2008). To state a claim for unjust enrichment, Plaintiff must allege three elements: (1) Plaintiff conferred a benefit on Defendant; (2) Defendant had knowledge or appreciation of the benefit, and (3) Defendant's accepting or retaining the benefit without the payment of its value is inequitable under the circumstances of the case. *Id.*

### Analysis

Plaintiff's Second Amended Complaint fails to plausibly allege the fourth and fifth elements of the CPA and the third element of an unjust enrichment claim.

The Court has previously held that an informational injury alone does not

**ORDER GRANTING MOTION TO DISMISS ~ 4**

satisfy the CPA's injury requirement. Plaintiff's allegations that he was deprived of the ability to know the terms of the contract, without a tangible deprivation of something more, is insufficient to state a claim under the CPA.

Regarding the fifth CPA element, Plaintiff offers no facts explaining how his lack of initialing the § 48.110.075(2)(e) disclosures caused him harm. Nor does Plaintiff allege that he did not read the disclosures, was unaware of them, or that he would have taken different actions had he known of them. Plaintiff's allegations of causation are conclusory and therefore do not meet the requirements of *Iqbal* and *Twombly*.

Finally, the Second Amended Complaint fails to allege sufficient facts to allege an unjust enrichment claim. Plaintiff does not assert that Defendant is unable or unwilling to fulfil the terms of the VSC and has not alleged that Defendant has not or will not fully comply with its contractual obligations. Moreover, Plaintiff's unjust enrichment claim is premised on the VSC being void. Because Plaintiff has not alleged sufficient facts to void the VSC, Plaintiff's unjust enrichment claim fails as well.

In sum, Plaintiff has failed to plausibly allege the required elements of his CPA and unjust enrichment claims. Because Plaintiff has already been allowed an opportunity to amend, the Court will not grant Plaintiff leave to amend.

//
//
//
//
//
//
//
//
//

**ORDER GRANTING MOTION TO DISMISS ~ 5**

Accordingly, **IT IS ORDERED**:

    1.    Defendant's Motion to Dismiss, ECF No. 38, is **GRANTED**.

    2.    The above-captioned case is **DISMISSED**, with prejudice.

    3.    Attorney Melanie Cockrum Motion for Admission pro Hac Vice, ECF No. 42, is **GRANTED**.

**IT IS SO ORDERED**. The District Court Clerk is hereby directed to enter this Order, provide copies to counsel, and **close** the file.

**DATED** this 20th day of April 2026.



Stan Bastian
Chief United States District Judge

**ORDER GRANTING MOTION TO DISMISS ~ 6**